**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SULAIMAN MUJAHID TAALIBDIN,**<br>**Petitioner,** | **CIVIL ACTION** |
| **v.** | |
| **KENNETH D. KYLER, THE ATTORNEY**<br>**GENERAL OF THE STATE OF**<br>**PENNSYLVANIA and THE DISTRICT**<br>**ATTORNEY FOR PHILADELPHIA**<br>**COUNTY,**<br>**Respondents.** | **NO.  94-6649** |

**DuBois, J.**                                                                                            **December 30, 2020**

**M E M O R A N D U M**

## I.        INTRODUCTION

*Pro se* Petitioner Sulaiman Mujahid Taalibdin, a state prisoner serving a life sentence for

murder, filed two identical Motions for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b).

(Document No. 25, filed May 27, 2020 and Document No. 27, filed June 30, 2020).  Taalibdin

seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to

28 U.S.C. § 2254.  For the reasons that follow, Taalibdin's Motions are denied in part and

dismissed in part.

## II.       BACKGROUND

The procedural history and factual background of Taalibdin's conviction are set forth in

the Report and Recommendation issued by United States Magistrate Judge Thomas J. Reuter on

March 30, 1995.[1]  Accordingly, the Court recites in this Memorandum only the procedural

history and facts necessary to place the pending Motions in context.

---

[1]         Due to the age of this case, Judge Reuter's Report and Recommendation is not available on the CM/ECF
docket for this case.  However, Taalibdin attached a copy of the Report and Recommendation to an application he
filed in the United States Court of Appeals for the Third Circuit seeking leave to file a second or successive habeas
petition.  *See* Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b), *In re:*

In 1983, a jury in the Philadelphia Court of Common Pleas convicted Taalibdin of second-degree murder and possession of an instrument of crime.  *See* Application for Leave to File Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b), *In re: Sulaiman Taalibdin, et al*, No. 09-2360 (3d Cir. May 11, 2009).  Taalibdin was thereafter sentenced to life imprisonment.  *Id.*

In 1994, Taalibdin filed his first habeas petition in the instant case.  Magistrate Judge Reuter issued a Report and Recommendation in which he recommended that the petition be denied and dismissed on the grounds that (1) four claims were procedurally defaulted or unexhausted; (2) one claim was based on a non-cognizable Fourth Amendment issue; and (3) two claims were without merit.  *Id.* at 105; 117.  By Order dated April 24, 1995 United States District Court Judge John Fullam, the assigned judge at the time, approved and adopted the Report and Recommendation, without a hearing, and determined there was no probable cause for appeal.[2]  *Id.* at 119.  Taalibdin appealed that ruling, but subsequently withdrew the appeal.  *See* Motion for Withdrawal of Appeal, *Taalibdin v. Kyler, et al*, No. 95-1456 (3d Cir. June 8, 1995).

In 2005, Taalibdin filed his first motion for relief pursuant to 60(b), which Judge Fullam denied as an unauthorized second or successive habeas petition.  *See* Order, *Taalibdin v. Tennis*, Civ. A. No. 05-6711 (E.D. Pa. Aug. 9, 2006) (Document No. 2).  The Third Circuit denied Taalibdin's request for a certificate of appealability.  *Id.* (Document No. 6.)  Thereafter, Taalibdin filed a second 60(b) motion, which was also denied.  *See* Order, *Taalibdin v. Tennis*, Civ. A. No. 06-4412 (E.D. Pa. Nov. 8, 2006) (Document No. 2).  In 2007, Taalibdin filed a second petition for a writ of habeas corpus, which Judge Fullam denied with prejudice.  *See*

---

*Sulaiman Taalibdin, et al*, No. 09-2360 (3d Cir. May 11, 2009).  Although Taalibdin redacted certain portions of the Report and Recommendation, the portions relevant to deciding the pending Motions are viewable.

[2]      Judge Fullam's April 24, 1995 judgment is not available on the CM/ECF docket for this case but can be found as an attachment to Taalibdin's submission to the Third Circuit.  *See supra* note 1.

Memorandum and Order, *Taalibdin v. Wynder*, Civ. A. No. 07-1252 (E.D. Pa. May 22, 2007)

(Document No. 5).   The Third Circuit declined to issue a certificate of appealability, noting that

Taalibdin had not received prior authorization to file a second or successive petition.  *Id.*

(Document No. 11).

In 2009, Taalibdin filed a third motion for relief pursuant to Federal Rule of Civil

Procedure 60(b), claiming that the judgment denying his original habeas petition was void

because this Court lacked subject matter jurisdiction.  *See Taalibdin v. Klopotoski*, Civ. A. No.

09-144, 2009 WL 281159, at *1 (E.D. Pa. Feb. 2, 2009).  Judge Fullam denied the motion as

"completely without merit" on the ground that this Court clearly had jurisdiction over

Taalibdin's habeas petition pursuant to 28 U.S.C. § 2254 and declined to issue a certificate of

appealability.  *Id.*  Judge Fullam also denied a subsequent motion for relief from judgment

pursuant to Rule 60(b) for the same reason.  *See* Order, *Taalibdin v. Klopotoski*, Civ. A. No. 09-

144 (E.D. Pa. Apr. 29, 2009) (Document No. 4).  The Third Circuit declined to issue a certificate

of appealability with respect to the latter ruling based in part on the following reasoning:

> To the extent [Taalibdin's] motion challenged a defect in the prior federal habeas
> proceeding, [Taalibdin] has not made a substantial showing of error by the District
> Court.  To the extent that [Taalibdin] seeks to attack his underlying conviction, his
> Rule 60(b) motion is properly viewed as an unauthorized second or successive 28
> U.S.C. § 2254 petition, which the District Court lacked authority to consider absent
> prior authorization from this Court.

*See* Order, *Taalibdin v. Klopotoski*, Civ. A. No. 09-2531 (3d Cir. Sept. 15, 2009).  Taalibdin

filed additional motions for relief pursuant to Rule 60(b) in 2010, 2013, and 2014, all of which

were denied.  *See Taalibdin v. Walsh*, Civ. A. No. 10-2789 (E.D. Pa. May 4, 2015).

In 2018, Taalibdin filed a Rule 60(b)(4) motion, arguing that this Court lacked subject

matter jurisdiction to adjudicate his initial habeas petition on the ground that the trial court

lacked jurisdiction because it failed to provide him with notice of all the offenses for which he

was tried.  Document No. 19.  That motion was docketed in the instant matter—Taalibdin's

initial habeas proceeding—which was reassigned to the undersigned.[3]  Document No. 20.  This

Court denied that Rule 60(b)(4) motion by Order dated November 5, 2018.  Document No.  21.

The Third Circuit declined to issue a certificate of appealability.  Document No. 24.  In doing so,

the Third Circuit explained that to the extent Taalibdin claimed there was a defect in his federal

habeas proceeding, he failed to make a substantial showing that the Court erred in denying his

motion and, to the extent he challenged his underlying conviction, the motion constituted an

unauthorized second or successive habeas petition.  *Id.*

Thereafter Taalibdin filed the two pending Motions, which seek relief from a final

judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and which are substantively

identical.  Document Nos. 25 & 27.  Taalibdin again alleges that his criminal judgment is void

because the trial court failed to provide notice for every offense for which he was tried and

therefore lacked jurisdiction.  Document No. 25 at 3.  He asserts, however, that he "is not asking

this Court to make any determination concerning the state court's judgment."  *Id.*  Rather, he

reasons that the claimed lack of jurisdiction in state court means that this Court lacked subject

matter jurisdiction.  According to Taalibdin, the lack of subject matter jurisdiction in this Court

can be remedied by Rule 60(b)(4) because that rule "preserves [his] right to seek relief from a

judgment that is void due to the lack of subject matter jurisdiction."  *Id*.  On this basis, Taalibdin

asks the Court to "reopen the habeas process allowing [him] to seek the relief that he is entitled

to."  *Id.* at 4.

---

[3]        The Clerk's Office previously docketed Taalibdin's Rule 60(b) motions as new proceedings.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(4) provides for relief from a final judgment if "the judgment is void."  Fed. R. Civ. P. 60(b)(4).  Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is required because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition challenging a judgment that he previously challenged in a federal habeas action, he must obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.  It explained that a Rule 60(b) motion must be construed as a "second or

successive habeas corpus application" when it advances one or more "claims." *Id.* at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

## IV.    DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not have jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Taalibdin's Rule 60(b) motions are true Rule 60(b) motions or successive habeas petitions. Taalibdin essentially argues that lack of jurisdiction in the underlying state court proceeding means this Court lacked jurisdiction to decide his initial habeas petition. As Taalibdin primarily asserts a purported defect in the integrity of his initial federal habeas proceeding, his Motions are not a second or successive

petitions.  However, Judge Fullam previously ruled that this argument is "completely without merit" because 28 U.S.C. § 2254 clearly provided this Court with jurisdiction over his habeas petition.  *See Taalibdin*, 2009 WL 281159, at *1.  To the extent Taalibdin's Motions challenge the validity of his underlying criminal judgment—even though Taalibdin disavows it—the Motions must be construed as unauthorized second or successive habeas petitions over which the Court lacks subject matter jurisdiction.

## V.    CONCLUSION

For the foregoing reasons, *pro se* petitioner's Motions for Relief from Judgment Under Fed. R. Civ. P. 60(b) are denied in part and dismissed in part.  An appropriate order follows.